UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LESLIE A. FLETCHER )
)
v. ) NO. 2:05-CV-130
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Leslie A. Fletcher has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Fletcher was born in 1972 and was 30 years old at the time of her final administrative hearing. [Tr. 892]. She graduated high school and has relevant past work experience in the unskilled and light to medium exertion category. [Tr. 22, 892]. Ms. Fletcher alleges she is disabled as of February 18, 2000, from low back pain, migraine headaches, right knee problems, depression, and an obsessive compulsive disorder. [Tr. 22]. On March 18, 2002, an Administrative Law Judge [ALJ] denied

Ms. Fletcher's claim for disability insurance benefits. [Tr. 47-51]. On December 18, 2002, the Appeals Council vacated that decision and remanded the case for further consideration. [Tr. 69-72]. After further consideration, on April 18, 2003, the ALJ found that Ms. Fletcher's severe impairments were not severe enough and she was not disabled as defined by the Social Security Act. [Tr. 32]. The Appeals Council affirmed this decision on March 23, 2005. [Tr. 10-13].

At Ms. Fletcher's April 2, 2003, administrative hearing following the remand, the testimony of Ms. Fletcher, medical experts Drs. Burgin E. Dossett, Jr., and Thomas E. Schacht, and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 892-920]. Ms. Fletcher testified she last worked in June 2000 loading machinery at an automotive plant. [Tr. 892]. Prior to that, she worked as a glass inspector. [Tr. 892-93]. Ms. Fletcher believes she is disabled from a lower back condition for which she uses a TENS unit, performs exercises at home, and takes pain medication. [Tr. 893, 897]. She recently had surgery on her right knee. [Tr. 895]. Ms. Fletcher also has von Hippel-Lindau syndrome in her left eye which causes vision disturbances. [Tr. 898]. She experiences migraine headaches about three to four times a month and "stress headaches" about five times a week. [Tr. 899]. Finally, Ms. Fletcher testified she has been seeing a mental health counselor almost all her life and has been diagnosed with bipolar disorder and obsessive compulsive disorder. [Tr.

2

902]. She drives her daughter to school and her husband to work each day and drives to doctor appointments. [Tr. 904].

Medical expert Burgin E. Dossett, Jr., testified next. [Tr. 906]. According to the doctor, Ms. Fletcher did not have a severe impairment that caused work-related restrictions. [Tr. 906-07]. She did have "a number of impairments that cause some restrictions," like angioma of the left retina, low back syndrome, a bulging disk, surgery on her right knee, acute phlebitis, migraine headaches, and a need for anticoagulants. [Tr. 907-08]. According to the doctor, Ms. Fletcher could work at a limited range of light work, stand four to six hours in an eight-hour workday, and lift 10 pounds frequently and 25 pounds occasionally. [Tr. 908].

Medical expert Dr. Thomas Schacht testified next that Ms. Fletcher did have restrictions from a psychological standpoint. [Tr. 910]. She was diagnosed with a mood disorder, some obsessive traits, and a borderline personality disorder. [*Id*.]. Because of those diagnoses, the doctor believed she would be restricted from work that required dealing with interpersonal conflict or competition, involved the exercise of complex judgment or problem solving, was not in a clean environment, and required a high production demand. [Tr. 910-11].

The final witness was vocational expert Dr. Robert Spangler who testified that, considering all of Ms. Fletcher's limitations, she could perform work as an

3

interviewer, factory messenger, production machine tender, kitchen worker, maid, production inspector, non-construction laborer, and packer. [Tr. 913].

The ALJ ruled that Ms. Fletcher was not disabled because her severe impairments of angioma of the left retina, low back syndrome, a history of right knee surgery, and a depressive disorder were not severe enough to warrant a finding of disability. [Tr. 27]. The ALJ then found Ms. Fletcher retained the residual functional capacity [RFC] to perform:

> work-related activities that do not require binocular vision and which involve lifting 25 pounds occasionally and 10 pounds frequently using the upper estremities [*sic*], but do not involve bending to lift; standing and walking four to six hours in an eight-hour workday, with a sit-stand option; and that these work-related activities should be performed in a relatively clean environment and involve relatively low stress work, work that does not involve interpersonal conflict or competition, work that does not involve exercising complex judgment in problem solving particularly if this involves people as opposed to objects, and work that does not involve high production demand. [*Id.*].

With those limitations, Ms. Fletcher could perform work as a factory messenger, production machine tender, kitchen worker, light maid, grader-sorter, production inspector, and non-construction laborer. [Tr. 33].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the

4

record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Fletcher requests summary judgment and challenges that the ALJ did not find her headaches to be a severe impairment. According to the ALJ, Ms. Fletcher's headaches were "not to the frequency, duration, or severity to interfere with competitive employment." [Tr. 23]. The ALJ noted that the medical evidence indicated Ms. Fletcher's migraines were well-controlled with medication, and she did not experience recurrent migraines. [*Id.*]. In addition, the ALJ stated that medical evidence showed no complaints of migraines past October 2002. [*Id.*]. Based on the above, the ALJ's decision that Ms. Fletcher's migraine headaches were not severe was made with substantial evidence.

Ms. Fletcher also contends the ALJ erred in his evaluation of her mental impairments. The ALJ found that her treatment for depression was sporadic, and most

5

counseling notations indicated improvement with medication and talk therapy. [Tr. 25]. The ALJ also discussed Dr. Schacht's testimony at the administrative hearing that Ms. Fletcher's treatment has been intermittent, but, when treated, her response is positive. [*Id*.]. It was Dr. Schacht's opinion that Ms. Fletcher could work with "some limitations that would likely be of a long-term nature." [*Id*.]. Finally, the ALJ noted that Ms. Fletcher's results from the Minnesota Multiphasic Personality Inventory [MMPI] test indicated malingering. [*Id*.]. Based on the above, the ALJ's finding that Ms. Fletcher's mental impairments were not severe was made with substantial evidence.

Next, Ms. Fletcher claims the ALJ failed to adequately consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Fletcher's impairments at least five times in his decision. [Tr. 25, 26, 27, 30]. The ALJ focused her RFC on her vision problems, obsessive compulsive tendencies, and low back pain. [Tr. 27]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Ms. Fletcher's vision problems, obsessive compulsive tendencies, and low back pain. [Tr.

6

911-14]. Based on the Sixth Circuit framework, the ALJ considered Ms. Fletcher's impairments in combination.

Finally, Ms. Fletcher claims that the ALJ ignored the results of the consultative examination performed by Steven Lawhon, Psy.D. According to a February 2003 mental medical assessment of Ms. Fletcher's ability to perform work-related activities completed by Dr. Lawhon, Ms. Fletcher had a good ability to maintain her personal appearance and understand, remember, and carry out simple job instructions, a fair ability to follow work rules, relate to co-workers, deal with the public, interact with supervisor(s), function independently, understand, remember, and carry out complex job instructions, relate predictably in social situations, and demonstrate reliability, and a poor ability to use judgment, deal with work stresses, maintain attention/concentration, and behave in an emotionally stable manner. [Tr. 362-63]. In his testimony, the vocational expert indicated that if Dr. Lawhon's examination results were applied to Ms. Fletcher, some jobs would be eliminated. [Tr. 919]. However, the ALJ was of the opinion that "objective clinical findings do not support the severity of the restrictions assessed by Dr. Lawhon on February 17, 2003." [Tr. 29]. The ALJ specifically mentioned that these restrictions were out of sync with the mental health treatments of record which "reflect that [Ms. Fletcher] was doing well and improving with treatment." [Tr. 28]. The ALJ also noted again that Ms. Fletcher

7

scored in the malingering range on the MMPI administered by Dr. Lawhon and concluded that her presentation of symptoms to the doctor was "invalid." [*Id*.]. Because Dr. Lawhon's restrictions were not supported by the medical record of evidence and were based, potentially, on malingering by Ms. Fletcher, the ALJ's decision to reject Dr. Lawhon's restrictions was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Fletcher's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

        ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                     SENIOR U. S. DISTRICT JUDGE